# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KELLY MARTIN | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-3335 |
| U.S. PAROLE COMMISSION | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Kelly Martin filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia, claiming that the United States Parole Commission's failure by to provide him with a prompt parole revocation hearing violates his rights to due process. Pet. 2, ECF No. 1. The case was transferred to this Court because Martin is incarcerated in Roxbury Correctional Institution in Hagerstown, a Maryland prison. ECF No. 3. Respondent was directed to file a response to the Petition and filed a Motion to Dismiss, or in the Alternative, for Summary Judgment, along with a Memorandum in Support. ECF Nos. 7, 7-1. Although he was advised of his right to file an opposition and of the consequences of failing to do so, see ECF No. 8, Martin has not opposed the motion. Because Martin failed to exhaust his administrative remedies and is not entitled to a revocation hearing while he is serving his Maryland state sentence, the Motion to Dismiss shall be granted and the Petition dismissed.

### Background

Martin was arrested and detained in the District of Columbia on October 31, 2011 on charges of robbery and carrying a pistol without a license in violation of District of Columbia

Code §§ 22-2801, 22-4502, and 22-4504, and he was sentenced on June 1, 2012 to serve 34 months of imprisonment, followed by three years of supervised release for those D.C. law violations. Sentence Monitoring Computation Data 1–2, ECF No. 7-2. He was released from D.C. prison on April 18, 2014, and began his supervised release period. *Id.*; *see also* Certificate of Supervised Release, ECF No. 7-3.

While on supervised release, on August 7, 2014, Martin was arrested in Maryland and taken into custody on state charges of armed robbery, robbery, theft, possession of a firearm, reckless endangerment, assault, and unauthorized use of a vehicle. Warrant Application 2, ECF No. 7-4. Soon after, on August 25, 2014, a case analyst for the United States Parole Commission, which handles parole release and revocation functions with regard to District of Columbia offenders, requested a warrant for Martin's arrest for violation of the terms of his supervised release, and the warrant was issued the same day. Warrant Application 1–3; Warrant, ECF No. 7-6. Martin was found guilty of armed robbery and use of a firearm in a crime of violence and sentenced to 14 years of imprisonment, a sentence he currently is serving. State Ct. Docket 2–3, 8, ECF No. 7-5. The warrant was revised to reflect the charges for which Martin was found guilty. Warrant Supp., ECF No. 7-7. The warrant was lodged as a detainer with the Maryland Department of Public Safety and Correctional Services while Martin serves his state sentence in Maryland. Pet. 1; Resp.'s Mem. 3.

## Standard of Review

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the rules governing habeas

corpus proceedings. Rules Governing § 2254 Cases,[1] Rule 12. Additionally, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the petition must be dismissed. *Id.* at Rule 4. Respondent's motion seeks review of the petition under Fed. R. Civ. P. 12(b)(6), requiring the Court to accept all well-pleaded allegations as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the petitioner. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." This Court is not obliged to ferret through pleadings, searching for viable claims.

## Analysis

As Respondent accurately stated:

> It is well-established that a person seeking judicial review of agency actions (including parole decisions) must first have exhausted available remedies within the agency. *See McKart v. United States*, 395 U.S. 185, 193-95 (1969); *see also Parisi v. Davidson*, 405 U.S. 34, 37 (1972) ("The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence[—]to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies.")[.] As such, a federal prisoner seeking habeas review under 28 U.S.C. § 2241 must exhaust available administrative remedies. *See Branden v. 30 Judicial Cir. Ct.*, 410 U.S. 484, 489-92 (1973); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004).

---

[1] The district court may apply any or all of the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment. Rules Governing §2254 Cases, Rule 1(a).

> Under 28 C.F.R. § 2.213(b), the Parole Commission "shall review the detainer upon the request of the prisoner pursuant to the procedure set forth in [28 C.F.R. § 2.47(a)(2)]." After the request is made by the subject of the detainer, the Parole Commission has the option to:
>
>> (1) Withdraw the detainer and order reinstatement of the prisoner to supervision upon release from custody; (2) Order a dispositional revocation hearing to be conducted at the institution in which the prisoner is confined; or (3) Let the detainer stand until the new sentence is completed. Following the execution of the Commission's warrant, and the transfer of the prisoner to an appropriate federal facility, an institutional revocation hearing shall be conducted.
>
> 28 C.F.R. § 2.213(b).
>
> ["]Proper exhaustion of administrative remedies demands compliance with [the] agency's deadlines and other critical procedural rules[."] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Resp.'s Mem. 4.

Martin asserts that he "has requested that the United States Parole Commission conduct a revocation hearing" and "a dispositional interview." Pet. 1. Although, under the heading "Affidavit," Martin "swears that the issues raised in this petition have not been raised in any previous Habeas Corpus, Post-Conviction, or other collateral proceeding with respect to the present confinement," he does not verify his Petition. *Id.* at 5. According to Respondent, Martin did not exhaust administrative remedies prior to filing his Petition. Resp.'s Mem. 4.

Respondent submits a declaration from Helen Krapels, General Counsel for the United States Parole Commission, in support of its position. Krapels Decl., ECF No. 7-9. Krapels declares that "there is no request from Mr. Martin for the Parole Commission to review its detainer in his file," and that "the Parole Commission's correspondence specialist ... has not received any correspondence from Mr. Martin." *Id.* ¶¶ 2–3. Likewise, "the Parole Commission's Case Services staff ... have not received any requests or correspondence from Mr. Martin." *Id.* ¶ 4. Martin, who failed to oppose Respondent's motion, does not provide any

4

evidence or argument to the contrary. Absent a request from Martin for the Parole Commission to review its detainer, the prerequisite administrative exhaustion has not occurred, and the Petition must be dismissed. *See Branden*, 410 U.S. at 489–92; *McClung*, 90 F. App'x at 445; 28 C.F.R. § 2.213(b).

Further, Respondent is correct that Martin "is not entitled to a prompt revocation hearing while serving his Maryland sentence." Resp.'s Mem. 5. "The right to a parole revocation hearing accrues when the alleged violator is taken into custody pursuant to a parole violation warrant." *Id.* (citing *Moody v. Daggett*, 429 U.S. 78, 86 (1976)). Indeed, "there is no requirement for an immediate hearing," that is, "before the parolee is taken into custody as a parole violator." *Moody*, 429 U.S. at 86. Currently, Martin is in Maryland's custody serving his Maryland state sentence, as he has been since before the warrant for his arrest based on violation of supervised release issued. *See* Warrant Application 2. Thus, to the extent he alleges that he is constitutionally entitled to a revocation hearing while he is incarcerated on the Maryland sentence, the claim fails. *See Moody*, 429 U.S. at 86.

By separate Order which follows, the Motion to Dismiss shall be granted.

5|8|18
Date

Paul W. Grimm
United States District Judge